Filed 9/14/16  J.K. v. Superior Court CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| J.K.,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SONOMA COUNTY,<br><br>     Respondent;<br><br>K.K.,<br><br>     Real Party in Interest. | A149099<br><br>(Sonoma County<br>Super. Ct. No. SFL-073895) |

Petitioner J.K., mother (Mother) of R.K. and I.K (minors), filed a petition for writ of mandate and/or prohibition challenging the Sonoma County Superior Court's July 29, 2016 order granting father's (K.K. or Father) request for sole legal and physical custody of the minors, authorizing relocation of the minors from California to Colorado where Father resides, and prohibiting Mother from visiting with minors pending further hearing. Mother sought writ relief in this court from the court's July 29th order, alleging that the trial court issued its order without notice, depriving her of the opportunity to be heard and/or to present evidence.  We, therefore, stayed the superior court's order and requested informal briefing on an expedited basis.  Father failed to file his opposition to the petition by the date set forth in our August order.  Consequently, and for the reasons set forth below, we now order the superior court to vacate its July 29, 2016 order, and instruct it to

enter a new order denying Father's July 28th ex parte request for sole custody of minors, relocation of the minors and prohibition of visitation between minors and Mother.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mother and Father married in 2002 and had two children, R.K. and I.K. They separated in 2009. Between 2008 and 2009 various restraining orders were issued against Father, who apparently suffers from bi-polar disease, to protect the children and/or Mother from him. Mother alleges that in 2008 Father was adjudged to be a negligent and abusive parent.

Since 2010 Mother and the children have lived in Sonoma County — usually, but not always, with the maternal grandparents. Father has visited with the children in Santa Rosa a few times, but has only been sporadically involved in the children's lives for the last six years. The parents were divorced in February 2016 in Adams County, Colorado; the judgment made no provisions for the children because the Colorado court found it lacked jurisdiction over the children.

Mother traveled with the minors to Colorado for a visit in July 2016, where they had contact with Father. Father alleges that during this visit he observed that Mother was high on drugs. He also alleges that Mother was traveling with a homeless friend who, while watching the children, left them at a "meth house." Mother's friend later informed Father that Mother was a drug addict. When Father asked Mother whether she was high, she "rag[ed] out of control," forced the children to get into the car, and sped away with them. After Mother left, Father was unable to locate the children and he became concerned for their safety. Father asked the Santa Rosa police department to conduct a welfare check with regard to the children at Mother's parents home. The Santa Rosa Police conducted a welfare check, as requested, and informed Father that the children were safe with their maternal grandparents and Mother.

On July 28, 2016, Father filed a temporary, ex parte request in the Sonoma County Superior Court seeking sole physical and legal custody of the children. The next day, without notice to Mother, the superior court awarded Father temporary physical custody of the children, directed that Mother have no visitation with the children pending a

2

hearing, permitted the Father to remove the children to Colorado, and set a hearing for September 15, 2016. On August 9, 2016, Mother's request to set aside the temporary orders was denied. On August 12, her request to modify or stay the move-away order and to advance the hearing was also denied.

On August 22, 2016 Mother petitioned this court to issue a writ of mandate and/or prohibition directing the lower court to vacate its move-away order and, pending consideration of the petition, to stay that order. We temporarily stayed the superior court's order prohibiting Mother from visiting the children and permitting the Father to remove the children to Colorado; we also requested informal briefing on an expedited basis, and gave notice, pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 that, if appropriate, we might issue a peremptory writ in the first instance. Finally, we directed the Clerk of the Court to notify the parties telephonically and/or via facsimile of our order. Father filed no opposition to the petition.

## DISCUSSION

Family Code, section 3063 states: "In conjunction with any ex parte order seeking or modifying an order of custody, the court shall enter an order *restraining the person receiving custody from removing the child from the state pending notice and a hearing* on the order seeking or modifying custody." (Fam. Code, § 3063 (italics added).) Under the plain language of the statute, a court must enter an order restraining the party receiving custody of a child from removing the child from this state pending a noticed hearing on the custody issue. Mother alleges that she received no notice of a hearing prior to the superior court's ex-parte order allowing Father to remove the children to Colorado. In addition, Father has filed no opposition to Mother's petition nor has he submitted evidence to dispute Mother's claim. Thus, we find that the superior court's move-away order clearly violates the clear and unambiguous requirement of Family Code, section 3063.[1]

---

[1] Mother makes additional arguments as to why the order is defective: that the superior court did not adhere to the statutory deadline for setting the subsequent hearing and the superior court declined to issue an automatic 30-day stay, pursuant to section

3

Our resolution here is based on a procedural defect — the failure to provide notice to Mother — and Father's failure to oppose the petition. Although that is sufficient to resolve the limited question before us — the validity of the superior court's move-away order — it does not resolve the underlying factual questions: regarding the custodial rights of parents and the best interest and safety of the children with respect to parents' custodial rights. The Colorado court issuing the divorce decree has not assumed jurisdiction over the children and there are serious allegations regarding the fitness of either parent to care for the children. We have no basis to, and, thus, express no opinion about the validity of any of those allegations.

Because the need for relief is obvious, no opposition to the petition has been filed, and the issue involves child custody — an area which frequently demands quick resolution and expedited writ procedures. (See *Jane J. v. Superior Court* (2015) 237 Cal.App.4th 894, 909.) We conclude that issuance of a peremptory writ in the first instance is appropriate. (See *Palma v. U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d at pp. 177-180; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [peremptory writ in the first instance is appropriate where entitlement to the relief requested is conceded or where there has been clear error under well-settled principles and undisputed facts].)

## DISPOSITION

For the reasons stated herein, the superior court is ordered (1) to vacate those portions of its July 29, 2016 order in *Kidd v. Kidd,* Sonoma County Superior Court Family Law Division Case No. 073895, which grants sole legal and physical custody of the minors to Father, prohibits Mother from visiting the children and permits Father to remove the children from California and take them to Colorado; (2) to issue a new order denying Father's request to remove the children from California; (3) to consider what, if any, investigation or measures need to be taken to safeguard the children's well-being; and (4) to order that those measures be taken. Our decision shall not in any way limit the

---

917.7 of the Code of Civil Procedure. Because we decide this writ on the basis of the notice issue and the lack of any opposition, we need not address these additional issues.

superior court's discretion to enter any and all appropriate orders after conducting a properly noticed hearing. The decision of this court is final immediately as to this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

///

///

///

_____
Jenkins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Siggins, J.

*J.K. v. Superior Court of Sonoma County*, A149099